Samuel Tolles, Albert Bugbee et al., Appts. *v.* Wesley Millspaugh et al.

Where it has been determined that a certain deed of land was obtained from the grantor by fraud, and that the grantee holds as trustee for the grantor, and the case is referred to a master to take an account between the parties and to allow the grantor, among other things, proper compen-

NOTE.—The deed in question in this case was passed upon and set aside in Bugbee's Appeal, 110 Pa. 331, 1 Atl. 273.

sation for a portion of the land leased by the grantee he may take into account, and allow for, the royalty received by the grantee for the right to operate oil wells upon the land.

(Argued May 4, 1888. Decided May 21, 1888.)

January Term, 1888, No. 375, E. D., before GORDON, Ch. J., PAXSON, STERRETT, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas of Warren County sustaining exceptions to the report of a master appointed to state an account between a grantor in a deed obtained by fraud and his grantee in possession, in a suit in equity, December Term, 1880, No. 53. Reversed.

The suit was originally brought by Samuel Tolles, Victor Rider, Jacob Shaler, Samuel Newell, Carson E. Griswold, David Scott, and Albert Bugbee, against Wesley Millspaugh, David Beatty, and Frederick Bugbee, to obtain the cancelation of a deed from Albert Bugbee to Wesley Millspaugh, dated October 22, 1875; to obtain cancelation of a deed from Wesley Millspaugh and wife to David Beatty, dated May 2, 1878, and purporting to be for part of the premises conveyed by the deed from Bugbee to Millspaugh; and also for the cancelation of a certain lease from Millspaugh to Beatty.

The case was referred to a master, C. Heydrick, Esq., who found that Frederick Bugbee, being seised of certain lands in Warren county, conveyed one tract thereof, known as tract No. 55, to his son, Albert Bugbee. Frederick and Albert Bugbee were indebted to Messrs. Selew & Popple; and Wesley Millspaugh and Frederick Bugbee entered into an arrangement by which the title to the tract might be placed in Millspaugh's name and Selew & Popple thereby defrauded of their debt. This arrangement was carried out by means of a fraud practised upon Albert Bugbee, who was ignorant of the fraudulent intent of the other parties in having the title transferred to Millspaugh. Subsequent to this transfer, and while the title was still standing in the name of Millspaugh, Frederick Bugbee executed, with the sanction of Albert Bugbee, a mining lease to Tolles, the rights under which became vested in the other plaintiffs, who were associated with Tolles under the style of "The Lake Erie Oil Company." This lease purported to convey rights in said tract No. 55.

Millspaugh, for a valuable consideration, conveyed to David Beatty a portion of tract No. 55, and leased to him another portion. Beatty was an innocent purchaser. The master advised that Beatty's title was good; that the Lake Erie Oil Company had no title to the property and was entitled to no relief; that as to the money received for the land sold, Millspaugh was a trustee for Bugbee; that as to the unsold portion Bugbee was entitled to elect whether to take title subject to Beatty's lease and a lease of 5 acres made by Millspaugh of the Lake Erie Oil Company or compensation. He recommended that after election had been made the case be referred to another master, to take account of the purchase money and bonus received of Millspaugh, and of the purchase money of the part sold, and compensation proper for the unsold or leased portion of the land, as the election shall render necessary; and that the master be directed to allow Millspaugh credit for any valuable improvements that may have been made by him upon the parts sold and remaining there at the time of the sale, such sum as they were worth at that time; and also, in case of the election to take a conveyance of the unsold part, credit for any valuable improvements made thereon by him and remaining at the time of such election; and that when the amount of purchase money and bonus, or purchase money for land sold and compensation for unsold or leased land, as the case may be, shall have been ascertained, a decree be entered that the said Wesley Millspaugh pay to the said Albert Bugbee the amount so ascertained; and also, in case of the election to take a conveyance of the unsold part of the land, to convey the same to the said Albert Bugbee, in fee simple, subject to said leases; and also pay the costs of this suit.

The court of common pleas found that Albert Bugbee had knowledge of the fraudulent intent with which the conveyance was made to Millspaugh and dismissed the bill. The supreme court, however, dismissed the bill as to Tolles *et al.,* and with reference to Bugbee ordered the court to proceed in accordance with the advice of the master, 110 Pa. 331, 1 Atl. 273.

The case was then referred to William Schnur, master, to take the account. Bugbee elected to take the unsold portion of tract No. 55, and in addition claimed that he was entitled to the royalty received by Millspaugh therefrom. It was objected that a claim for royalty was new matter not covered by the rec-

ommendations of the former master and could not be entered upon at the hearing before the master. The master allowed the amount of royalty to be proved, and took it into consideration in stating his account. Two judgments against Bugbee had been assigned to Millspaugh which the master permitted him to set off against the amount found due by him. He also found that Bugbee, by deed dated March 31, 1881, conveyed to Albert Shuler, treasurer of the Lake Erie Oil Company, tract No. 55, and took from the treasurer an agreement of the same date whereby the latter agreed to reconvey the land to Bugbee, subject to the lease of the oil company if the title was determined in his favor, upon payment by him of all expenses and costs of litigation which he ought to pay. This amount was settled at $7,000. In determining the amount of the royalty the master found the amount of oil produced from the land, and took the price of oil highest on the next succeeding business day after it was produced as the basis for computing the amount due. Afterwards, upon petition of the parties showing that the oil was not then sold, the master permitted proof of the price at which it was sold, subject to exception, and filed a supplemental or alternative report.

Exceptions having been filed to the report, the common pleas, GUNNISON, P. J., sustained those relating to the taking account of royalty, and Bugbee appealed to this court, assigning for error the action of the court in sustaining such exception.

*Charles Dinsmoor, James Cable, Samuel Grumbine,* and *Roger Sherman,* for appellants.—A court of equity, having jurisdiction of the parties and of the subject-matter, will so mould its decree that justice will be done. The only limitation of the power of such a court is that the relief granted must be consonant to the allegations of the bill, and consistent with, and not beyond, the prayers of the complainant. Slemmer's Appeal, 58 Pa. 168–179, 98 Am. Dec. 255; Masson's Appeal, 70 Pa. 26–29; Fessler's Appeal, 75 Pa. 483–500; Danzeisen's Appeal, 73 Pa. 65–71.

*W. M. Lindsey* and *D. I. Ball,* for appellees.—The court below cannot add to or change the decree of the supreme court in proceedings supplemental to the decree. Janes's Appeal, 87 Pa. 428.

OPINION BY CHIEF JUSTICE GORDON:

After a careful examination of the report of the learned master, Mr. Schnur, we have no hesitation in adopting the conclusion at which he arrived, and the decree recommended by him. He certainly comprehended the intention of the previous decree as proposed by the former master, Mr. Heydrick, and adopted by this court. The disposition of the case, as made by him, Mr. Heydrick, was not final, nor intended so to be; for an account was required to be stated between Millspaugh and Bugbee, and it cannot be supposed that either the master or this court intended that that account should be stated under any other than equitable rules, or in such a manner as to produce an inequitable result.

It seems to us that the matter is solved by the pertinent question put by the master thus: "Is Albert Bugbee entitled to the royalty produced from tract 55, leased by Millspaugh to Beatty, and which was paid to or received by Millspaugh while he held the title to said lot as trustee for Albert Bugbee?"

To negative this question would be to reverse the former decision, which determined that Millspaugh was Bugbee's trustee, and which necessarily involved an account by the former to the latter. Surely, if this trustee is to have an account for that which he put upon the property in the shape of improvements, he must, in turn, account for that which he took from it in the shape of royalty. Moreover, nothing can be more plain than, if the land belonged to Bugbee, so also did its products. The question, "Does the master say or intend to say that because Millspaugh defrauded Albert out of his land by a fraud, pure and simple, therefore Millspaugh is entitled to the royalty?" is well put, and we can answer, both for the first master and this court, that nothing of the kind was intended.

The decree of the court below is now reversed at costs of appellee, and it is ordered that the said court proceed to decree in accordance with the recommendation of the master, determining at the same time whether the first or alternative report, as to the amount of royalty due the plaintiff, shall be adopted.

Subsequently, on June 1, 1888, the following decree was entered by the supreme court:

And now, June 1, 1888, this cause came on to be heard, and

was argued by counsel, and thereupon it is ordered, adjudged, and decreed as follows, to wit:

1. That the defendant Wesley Millspaugh, within ten days, convey to Albert Bugbee, his heirs and assigns in fee simple, that part of tract number 55 in Mead township, Warren county, not sold but leased to David Beatty, May 4, 1878, according to the survey and map of D. F. A. Wheelock, subject to the rights of said David Beatty under said lease, and subject, also, to the lease from Wesley Millspaugh to the Lake Erie Oil Company for 5 acres of said tract, dated March 15, 1878; and that said Albert Bugbee hold the said lands as aforesaid subject, also, to the mortgage by said Albert A. Bugbee, dated March 31, 1881, to Jacob Shaler, treasurer of the Lake Erie Oil Company, for its benefit, and to the agreement by which the said Jacob Shaler had a lien upon said land, to pay the costs and expenses of the litigation against Wesley Millspaugh which ought to be paid by said Albert A. Bugbee.

2. That Wesley Millspaugh pay to the said Lake Erie Oil Company or its attorneys, to whose use as assignee of Albert A. Bugbee this decree and judgment to be entered thereon are marked, the sum of $7,292.37, with interest thereon from July 27, 1887, the date of the first report of William Schnur, Esq., master.

3. That Wesley Millspaugh pay all the costs of this suit.

Ordered, further, that execution be stayed upon so much of this decree as may be necessary to cover the amount of the two judgments mentioned in the master's report: Ashbel R. Sellers *v.* Frederick and Albert Bugbee, and M. Beecher use of Wesley Millspaugh *v.* Albert Bugbee, with interest thereon until such time, subject to the order of the court of common pleas of Warren county, as the said Wesley Millspaugh, his representatives or assigns, may have opportunity, by motion or otherwise, to proceed to have said judgments and interest set off against said decree if said court on hearing shall so adjudge.